```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

ROBERT CASSOTTO,              :
      Plaintiff,              :
                              :        CIVIL ACTION NO.
      v.                      :        3-07-cv-266 (JCH)
                              :
JOHN E. POTTER,               :
POSTMASTER GENERAL,           :
      Defendant.              :        JULY 20, 2007
```

**RULING RE: DEFENDANT'S PARTIAL MOTION TO DISMISS [Doc. No. 21]**

The plaintiff, Robert Cassotto, brings this action against the defendant, John E. Potter, Postmaster General ("defendant"), alleging employment discrimination based on age, physical disability, and retaliation under federal anti-discrimination laws. The defendant has filed a partial Motion to Dismiss [Doc. No. 21] Cassatto's claims regarding his 14-day suspension, termination, and harassment, beginning August 17, 2006, for failure to exhaust administrative remedies.

According to the defendant, although Cassotto initiated an informal equal employment opportunity ("EEO") complaint regarding the harassment beginning August 17, 2006, the September 27, 2006 suspension, and the October 17, 2006 notice of removal, Cassotto failed to file a formal EEO complaint despite being notified of this requirement. See Def.'s Memorandum in Support of Motion to Dismiss ("Mem. in Supp.") at 5. The defendant asserts that it "searched its records and there is no formal EEO complaint regarding the harassment, suspension and termination," id., and there is also "no allegation in the Complaint or indication in the administrative record that Plaintiff lodged the requisite Notice of Intent to Sue [on his age discrimination claim] with the EEOC," id. at 7.

Cassotto's Complaint, however, alleges that he "has complied with all of the procedural prerequisites to suit" under the federal anti-discrimination statutes, and that he was informed by the United States Postal Service on October 20, 2006, that he need not go through the administrative complaint process, but "was authorized to go directly to this court for relief." See Complaint at ¶ 5. The Postal Service did indeed indicate as much to Cassotto, enclosing along with its letter forms explaining the procedures regarding age discrimination claims.[1] See Def.'s Mem. in Opp. at Ex. 6. There is nothing in the Complaint indicating that Cassotto did not properly exhaust his remedies, and the defendant's "search[ing] of its records" and filing of exhibits and an affidavit is improper in the context of a motion to dismiss. "'[W]hen matters outside the pleadings are presented in response to a 12(b)(6) motion,' a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir, 2000) (citations omitted). The court will not at this time convert the defendant's motion into one for summary judgment, and therefore denies the motion to dismiss without prejudice to raise these arguments on summary judgment.

## III.  CONCLUSION

For the foregoing reasons, the defendant's partial Motion to Dismiss **[Doc. No.**

---

[1] When considering a motion to dismiss, any documents that are referenced in the complaint may also be considered by the court. Newman & Schwartz v. Asplundh Tree Expert Co., Inc., 102 F.3d 660, 662 (2d Cir.1996) ("In considering a motion to dismiss . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference . . . [and review all allegations] in the light most favorable to the non-moving party.")

**21]** is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of July, 2007.

      /s/ Janet C. Hall
      Janet C. Hall
      United States District Judge