UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT CASSOTTO,  :
    Plaintiff,  :
                                                    :      CIVIL ACTION NO.
v.  :      3:07-cv-266 (JCH)
                                                    :
JOHN E. POTTER,  :
Postmaster General,  :      OCTOBER 21, 2008
    Defendant.  :

**RULING RE: DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT [DOC. NO. 30]**

**I.    INTRODUCTION**

The plaintiff, Robert Cassotto, brings this employment discrimination and retaliation action against defendant John E. Potter, Postmaster General of the United States. Cassotto was employed by the United States Postal Service ("USPS") as a letter carrier in Torrington, Connecticut for approximately seventeen years prior to his involuntary termination in October 2006. Cassotto alleges that, during his employment, USPS supervisors discriminated against him in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq.; and the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, et seq. Cassotto further alleges that his October 2006 termination violated statutes prohibiting retaliation and age discrimination.[1]

The defendant has moved for partial summary judgment as to Cassotto's wrongful termination claim. See Doc. No. 30. Specifically, he claims that the wrongful termination claim should be dismissed for failure to exhaust administrative remedies.

---

[1] Cassotto has since been reinstated for reasons unrelated to this litigation.

1

The court partially agrees. For the reasons stated below, the defendant's Motion for Partial Summary Judgment [Doc. No. 30] is **GRANTED** as to the ADEA claim arising out of Cassotto's termination, and **DENIED** as to the retaliation claim arising out of Cassotto's termination.

## II. STANDARD OF REVIEW

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).

Once the moving party has met its burden, in order to defeat the motion the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor, Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

Generally, when assessing the record, the trial court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38. "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party." Carlton v. Mystic Transp., Inc., 202 F.3d 129, 134 (2d Cir. 2000). "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury. Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

## III. BACKGROUND

The relevant facts are not in dispute. See Plaintiff's Opposition to Motion for Partial Summary Judgment ("Opp.") at 1. Cassotto was employed by the United States Postal Service as a letter carrier in Torrington, Connecticut for approximately seventeen years prior to his involuntary termination in October 2006. The incidents of alleged harassment relevant to the instant action began in May 2005, when Cassotto's route was adjusted. According to Cassotto, following the route adjustment, he was subjected to daily harassment regarding the completion of his route, his medical condition requiring the use of a restroom every two hours, and his damaged right elbow. Complaint at ¶ 8. Cassotto further alleges that, between May 2005 and October 2006, he was discriminated against and retaliated against on account of his religion, disability, age, and prior complaints to the Equal Employment Opportunity Office ("EEOO"). Id. at ¶¶ 1, 22-23. The defendant concedes that Cassotto properly exhausted his administrative remedies with regard to these claims by following the procedures set forth by the USPS EEO complaint process. Defendant's Memorandum of Law in Support of Motion for Partial Summary Judgment ("Mem. in Support") at 2.

Cassotto also alleges that he was terminated in October 2006 in violation of statutes prohibiting retaliation and age discrimination. Complaint at ¶¶ 21, 24-25. With respect to his wrongful termination claim, Cassotto filed an Information for Pre-complaint Counseling ("informal complaint") with the USPS EEOO (Case # 4B-060-0120-06), which is the first step in exhausting administrative remedies. See Mem. in Support at 5; see also 29 C.F.R. § 1614.105.

Because Cassotto cited age as one of the discrimination factors in his informal

3

complaint, the EEO Specialist assigned to the case, Donald J. Perednia, sent Cassotto a letter through his counsel informing him that, "the ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures." Mem. in Support, Exh. B. Specifically, this letter pointed Cassotto to an enclosed form, PS Form 2563-B, which explained that ADEA claims could be taken directly to federal court only after filing a notice of intent to sue.[2] Id. The letter requested that Cassotto sign, date, and return PS Form 2563-B to acknowledge receipt, and Cassotto's representative, Attorney John Williams, did so. Id., Exh. D. Cassotto never filed a notice of intent to sue concerning his wrongful termination claim. Opp. at 1-2.

Perednia subsequently conducted an inquiry into the allegations made in Cassotto's informal complaint, closing the informal complaint process in late November 2006. By letter dated November 27, 2006, sent via facsimile to Attorney Williams, Perednia advised Cassotto that the informal complaint process had ended, and that Cassotto had a right to file a formal complaint. Mem. in Support, Exh. C. Perednia further informed Cassotto that he had 15 days to file a formal complaint if he wished to pursue his wrongful termination claim. Id., Exh. C. Cassotto never filed such

---

[2]PS Form 2563-B states:

> If your complaint alleges age discrimination, you may bypass the administrative complaint process by electing not to file a formal complaint and instead filing a civil action in an appropriate U.S. District Court. Before filing suit in U.S. District Court, you must file a notice of intent to sue with the Office of Federal Operations, Equal Employment Opportunity Commission. You must file the notice within 180 calendar days of the date of the alleged discriminatory action. Once you have filed a timely notice of intent to sue with the EEOC, you must wait thirty (30) calendar days before filing a civil action.

See Mem. in Support, Exh. B; see also 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201.

complaint. Opp. at 1-2; Defendant's Local Rule 56(a)(1) Statement at ¶ 6. He initiated the instant action in the District of Connecticut on February 21, 2007.

## IV. ANALYSIS

The only issue before the court is whether Cassotto's wrongful termination claim – in which he alleges the USPS violated statutes prohibiting age discrimination and retaliation – is barred for failure to exhaust administrative remedies. The age discrimination and retaliation claims will be addressed separately.

### A. ADEA Claim

As the Supreme Court has noted, section 15 of the ADEA "provides two alternative routes for pursuing a claim of age discrimination." Stevens v. Dep't of Treasury, 500 U.S. 1, 5 (1991). First, an individual may exhaust the EEOC's administrative remedies and, if he is not satisfied with the outcome, later file a civil action in federal court. See 29 U.S.C. §§ 633a(b) and (c). Second, an individual may bypass the administrative complaint process entirely and present the merits of his claim directly to a federal court. See 29 U.S.C. § 633a(d). When the individual opts for this second route, however, "no civil action may be commenced . . . until the individual has given the [EEOC] not less than thirty days' notice of an intent to file such action." Id.

In this case, Cassotto concedes that he has not complied with the requirements of either of the two routes. Opp. at 1-2. He argues, however, that his failure to follow the statutory procedures is not fatal to his age discrimination claim, because the claim is "reasonably related" to other claims he did properly exhaust. Id.

The Second Circuit has recognized three situations in which unexhausted claims are sufficiently related to exhausted claims that it would be unfair to bar such claims in

5

a civil action.  See Butts v. New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1402 (2d Cir. 1993), superseded by statute on other grounds as stated in Hawkins v. 1115 Legal Svc. Care, 163 F.3d 684 (1998).  The first type of "reasonably related" claim recognized by the Second Circuit is an unexhausted claim involving conduct that would "fall within the scope of the EEOC investigation which can reasonably be expected to grow out of" an earlier exhausted claim.  Butts, 990 F.2d at 1402.  The second type is an unexhausted claim alleging retaliation by an employer against an employee for filing a discrimination complaint.  Id.  The third is an unexhausted claim that alleges further incidents of discrimination carried out in "precisely the same manner" as discrimination alleged in an exhausted claim.  Id.

Cassotto argues that the age discrimination claim arising from his termination falls into the first and third categories.  That is, he maintains that: 1) his ADEA wrongful termination claim falls within the scope of the EEOC investigation that could reasonably be expected to grow out of his earlier claims; and 2) his ADEA wrongful termination claim alleges successive conduct that is part of a continuing wrong on the part of the USPS.

Cassotto, however, offers no evidence to support these arguments.  He has not submitted to this court copies of his previous complaints, investigatory reports arising from those complaints, or documents relating to the disposition of those complaints.  Without this information, it is impossible for the court to conclude that the age discrimination claim arising from his October 2006 termination was "reasonably related" to any previously exhausted complaints.  Because it is the Cassotto's burden to establish that he has complied with applicable administrative requirements, his failure to

create a record on which the court could recognize at least a material issue of fact as to whether the first or third Butts situations apply results in summary judgment for the defendant on the ADEA claim arising from Cassotto's termination.

Finally, in his Opposition to the defendant's Motion for Partial Summary Judgment, Cassotto cites an Eleventh Circuit case in support of the proposition that courts should be "extremely reluctant to allow procedural technicalities to bar claims" under Title VII. Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277 (11th Cir. 2004). Gregory, however, is not binding authority in this circuit. While the Second Circuit has held that, in certain circumstances, a plaintiff is entitled to equitable relief from a discrimination statute's notice and exhaustion requirements, see, e.g., Boos v. Runyon, 201 F.3d 178 (2d Cir. N.Y. 2000), the burden of demonstrating the appropriateness of equitable relief "lies with the plaintiff." Id. at 185. Further, without a showing of extraordinary circumstances, a plaintiff will be held to the administrative requirements. See id.; see also Tennant v. United States Bureau of Prisons, 2003 U.S. Dist. LEXIS 5130 (D. Conn. 2003). In the present action, Cassotto has suggested no facts that would support a conclusion that this case involves extraordinary circumstances. Accordingly, the age discrimination claim arising from his October 2006 termination is barred, and the government's Motion for Partial Summary Judgment is granted as to that claim.

    B.    Retaliation Claim

In paragraph 25 of the Complaint, Cassotto alleges that, his "employment was terminated for alleged conduct that has not led to the termination of employees who have not complained of unlawful discrimination." Complaint at ¶ 25. The court

7

construes this as a retaliation claim. The defendant has moved for partial summary judgment as to paragraph 25, but does not address the specific case law regarding exhaustion of retaliation claims.

As noted above, the Second Circuit has explicitly recognized that a retaliation claim "relates back" to the complaint for which the employer allegedly retaliated. See Butts, 990 F.2d at 1402. In this case, the government concedes that Cassotto's earlier complaints were properly exhausted. Mem. in Support at 2. Consequently, because the retaliation claim arising from Cassotto's termination relates back to his earlier exhausted claims, it is not barred despite the fact that it was not properly exhausted. Therefore, the government's Motion for Partial Summary Judgment is denied as to Cassotto's retaliation claim arising from his October 2006 termination.

## V. CONCLUSION

For the reasons discussed herein, defendant's Motion for Partial Summary Judgment [Doc. No. 30] is **GRANTED** as to the ADEA claim arising out of Cassotto's termination, and **DENIED** as to the retaliation claim arising out of Cassotto's termination.

**SO ORDERED**.

Dated this 21st day of October, 2008, at Bridgeport, Connecticut.

                                            /s/ Janet C. Hall
                                            Janet C. Hall
                                            United States District Judge